IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 3:13-CV-27-WKW [WO] |
| DESIGN PLAZA, LLC, DONALD H. ALLEN, and JOHN K. KIRCHLER, ) ) ) | |
| Defendants. ) | |

**ORDER**

Defendants Design Plaza, LLC, Donald H. Allen, and John K. Kirchler (collectively, "Defendants") moved to dismiss the claims against them on the basis of improper venue. (Doc. # 7.) Plaintiff PNC Bank responded in opposition. (Doc. # 13.) After careful consideration of the arguments of counsel and relevant law, the court finds that the motion is due to be denied.

**I. BACKGROUND**

In August 2007, Defendant Design Plaza executed a promissory note payable to First American Bank. (Doc. # 1, Ex. A.) In September 2009, Defendants Allen and Kirchler each executed commercial guaranties on the note, guaranteeing full and punctual payment of the debt. (Doc. # 1, Exs. B, C.) In addition to those guaranties, Design Plaza renewed, amended, and modified the note a number of times, including

in May 2010. (Doc. # 7, Ex. A.)

Later, First American assigned its rights on the note, including rights arising under the guaranties and the modifications, to RBC Bank as successor to First American. RBC then assigned its interests to Plaintiff PNC Bank as successor by merger to RBC.

By December 2011, Defendants were in default on the note. PNC made its initial demand that month, and one year later made a final demand. Defendants have failed to make payment on the note, and this suit ensued. Defendants move to dismiss, pointing to a forum selection clause they say "dictates that venue is proper in Lee County, not in Federal Court." (Doc. # 7 at 2.)

## II.  DISCUSSION

In the Eleventh Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(3) are the proper vehicle for enforcing forum selection clauses. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1332 (11th Cir. 2011) (stating the Eleventh Circuit's rule and collecting cases from sister circuits). Thus, the court must examine the forum selection clause and determine whether it mandates suit in a venue other than this one.

Forum selection clauses may be either "permissive" or "mandatory." *Id.* at 1330. "A permissive clause authorizes jurisdiction in a designated forum but does not

2

prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the contract." *Id.* (internal quotations and alterations omitted).

The forum selection clause at issue, found in the August 2007 note and May 2010 modification, reads as follows: "CHOICE OF VENUE. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Lee County, State of Alabama." (Doc. # 1, Ex. A at 1; Doc. # 7, Ex. A at 2.) The guaranties executed by Allen and Kirchler contained virtually identical clauses to that in the note and the modification, the only difference being the substitution of "Guarantor" for "Borrower." (Doc. # 1, Exs. B at 3, C at 3.) "Under general contract principles, the plain meaning of a contract's language governs its interpretation." *Slater*, 634 F.3d at 1330. Based on the plain meaning of the language at issue, the forum selection clause is permissive, not mandatory.

The terms of the agreement allow Lender to make an election. Plaintiff, as the assignee of the original lender, stands in the shoes of the original lender and for the purposes of enforcing the agreement is "Lender" as that term is used in the forum selection clause. *See Ocwen Loan Servicing, LLC v. Washington*, 939 So. 2d 6, 9–10 (Ala. 2006) (stating the "general rule" that "an assignee stands in the shoes of the assignor" and may enforce the agreement between "the assignor and another party"); *see also* Doc. # 1, Ex. A at 1 (stating that Alabama law governs the parties'

3

agreement). Defendants – per the terms of the note, the modification, and the guaranties – are each, respectively, "Borrower" or "Guarantor." Thus, the clause permits suit – upon Plaintiff's election – in Lee County and requires that Defendants submit to suit there, but it does so without precluding litigation in any other forum. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.4 (11th Cir. 1999) (discussing the effect of a permissive forum selection clause).

Plaintiff PNC Bank, as the successor in interest for the original lender, has requested another forum, and nothing prohibits such a choice. In fact, the permissive language indicates that the parties contemplated a situation just like this one, where PNC Bank has requested an alternative forum.[1] To give the language a different effect would "unjustifiably diminish[ ]" its importance. *Snapper, Inc.*, 171 F.3d at 1262 (discussing a forum selection clause that, by its terms, gave a creditor a choice of fora).

### III. CONCLUSION

Accordingly, it is ORDERED that Defendants' motion (Doc. # 7) is DENIED.

---

[1] Plaintiff argues in the alternative that this court is not an alternative forum at all. It argues the forum selection clause, even if mandatory, permits litigation in this court because Lee County is within this district and the clause does not prohibit litigation in a federal forum; thus, this court is a court of "Lee County, State of Alabama." (Doc. # 13 at 10–12.) Because the court finds that the clause is permissive, it proceeds as an alternative forum.

DONE this 24th day of April, 2013.

                                      /s/ W. Keith Watkins
                          CHIEF UNITED STATES DISTRICT JUDGE